* * * * * * * * * * *
The Full Commission reviewed the prior Opinion and Award based upon the record of the proceedings before the Deputy Commissioner and the briefs and argument before the Full Commission. The appealing party has not shown good grounds to reconsider the evidence, and the Full Commission affirms the Opinion and Award of the Deputy Commissioner, with some modifications.
 * * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties as:
 STIPULATIONS
1. On all relevant dates, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act. *Page 2 
2. On all relevant dates, plaintiff was an employee of defendant-employer, which was insured by St. Paul Mercury Insurance Company.
3. The plaintiff's average weekly wage on October 16, 2003 was $777.68, yielding a compensation rate of $518.48.
4. Plaintiff's average weekly wage as of December 22, 2004 was $801.49, yielding a compensation rate of $534.35.
5. At the hearing before the Deputy Commissioner, the parties submitted the following:
 (a) A Packet of Medical Records, which was admitted into the record, and marked as Stipulated Exhibit (2);
 (b) A Packet of Industrial Commission Forms, which was admitted into the record, and marked as Stipulated Exhibit (3);
 (c) The Deposition of Dr. Mark Warburton, which was admitted into the record, and marked as Stipulated Exhibit (4);
 (d) The Deposition of Dr. John Begovich, which was admitted into the record, and marked as Stipulated Exhibit (5); and
 (e) Plaintiff's Deposition, which was admitted into the record, and marked as Stipulated Exhibit (6).
6. The issues to be determined are as follows:
 (a)Whether plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer involving his right leg, right foot and eventually to his low back on October 16, 2003 (I.C. No. 402588); *Page 3 
 (b) Whether plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer involving his low back on December 22, 2004 (I.C. No. 534115) and if so, whether he has reached maximum medical improvement; and
 (c) Whether plaintiff is entitled to the imposition of sanctions in the form of attorney's fees pursuant to N.C. Gen. Stat. § 97-88.1.
 * * * * * * * * * * * EVIDENTIARY MATTERS
At the hearing before the Deputy Commissioner, plaintiff submitted the following:
 (a)A Packet of Documents Associated with Plaintiff's June 13, 2003 injury which was admitted into the record over Defendants' Objection, and marked as Plaintiff's Exhibit (1);
 (b) Documents Associated with Plaintiff's October 16, 2003 injury which were admitted into the record and marked as Plaintiff's Exhibits (2) through (5);
 (c) A Light Duty Statement of Understanding, which was admitted into the record and marked as Plaintiff's Exhibit (6);
 (d) Documents Associated with Plaintiff's November 22, 2004 injury, which were admitted into the record, and marked as Plaintiff's Exhibits (7) through (10);
 (e) A Transcript of Plaintiff's Recorded Statement, which was into the record and marked as Plaintiff's Exhibit (11);
 (f)Correspondence to Plaintiff from Ms. Patricia Janke dated August 5, 2005, which was admitted into the record and marked as Plaintiff's Exhibit (12); and *Page 4 
 (g) Plaintiff's Answers to Defendants' Interrogatories, which was admitted into the record and marked as Plaintiff's Exhibit (13).
 * * * * * * * * * * *
Based upon the competent evidence of record, the Full Commission makes the following:
 FINDINGS OF FACT
1. At the hearing before the Deputy Commissioner, plaintiff was forty-five years of age. Plaintiff is a high school graduate who began working for defendant-employer in 1996.
2. On June 13, 2003 plaintiff experienced an acute low back pain when he lifted a pump housing while performing his assigned duties for defendant-employer. Thereafter, plaintiff was provided with light duty work through June 29, 2003, when he completed his medical treatment for his low back pain.
3. On June 30, 2003, plaintiff returned to his pre-injury duties for defendant-employer. As of that date, his low back pain condition had resolved and he did not experience work-related low back pain until the events of October 16, 2003.
4. On October 16, 2003, at approximately 11:00 a.m. plaintiff and a coworker were placing trash into a dumpster. Also at that time, another worker, Brad Lawson, was operating a forklift in reverse and accidentally backed into plaintiff, who had his back towards the forklift. The rear of the forklift ran over the back of plaintiff's right foot and pulled his right leg underneath, severely twisting his right leg. Plaintiff was knocked to the ground and wedged *Page 5 
underneath the forklift. Ms. Cardia Presley witnessed the accident. Plaintiff and Ms. Presley completed written statements concerning how plaintiff was injured.
5. The circumstances of plaintiff's injury on October 16, 2003 constituted an interruption of plaintiff's regular work routine and the introduction thereby of unusual conditions likely to result in unexpected consequences.
6. On October 16, 2003, plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer involving his right lower extremity and his low back.
7. Following this incident, plaintiff was unable to walk on his right leg and used crutches from October 16, 2003 through approximately June 2005. However, plaintiff did continue working for defendant-employer, which provided him with modified light duty sedentary work to meet his medical restriction of no weight on his right leg.
8. Since October 16, 2003, plaintiff has experienced severe burning pain in his right leg for which he has received medical treatment. On August 20, 2004, Dr. John Begovich performed a nerve conduction study on plaintiff's injured right leg and inserted needles into plaintiff's right leg and low back areas as part of the study to help determine the nature and extent of plaintiff's injuries. During this test plaintiff felt acute low back pain when the needles were inserted into his low back area. Thereafter, his low back pain grew worse. The test revealed that plaintiff suffered from a right lower extremity peroneal neuropathy and a lumbar radiculopathy, which were the source of plaintiff's low back pain complaints.
9. On September 24, and November 8, 2004, Dr. Begovich opined and the Full Commission finds, that plaintiff's low back pain complaints resulted from his October 16, 2003 *Page 6 
injury by accident when the forklift severely twisted his right leg and pulled his right leg under the forklift.
10. On December 22, 2004, plaintiff was performing modified light duty sedentary work along with a co-worker, Mr. Jonathan Chesnutt. On this date, plaintiff was in a sitting position sliding or pulling a sixty-five pound manifold across his worktable toward his body when he felt a sudden "pop" or sharp pain in his low back. Plaintiff immediately reported his low back injury to his supervisor, Mr. Alex Jake, and completed a written accident report. Mr. Chesnutt also completed a written report, stating that on December 22, 2004, plaintiff was pulling a manifold across the cart when Mr. Chesnutt heard a pop followed by plaintiff's complaint of low back pain.
11. The circumstances of plaintiff's injury on December 22, 2004 constituted an interruption of plaintiff's regular work routine and the introduction thereby of unusual conditions likely to result in unexpected consequences.
12. On December 22, 2004, plaintiff sustained an injury by accident to his low back arising out of and in the course of his employment with defendant-employer.
13. Since December 22, 2004, plaintiff's low back condition has grown worse and he has continued to experience low back pain. Plaintiff has experienced moderate to severe low back pain since December 22, 2004 due in significant part to his October 16, 2003 injury by accident to his right leg and lower back and in significant part due to his December 22, 2004 injury by accident.
14. Plaintiff has received ongoing medical treatment for his low back pain condition. In January and March 2007, plaintiff continued to receive treatment from Dr. Begovich for pain management of his ongoing low back pain and his right leg pain. *Page 7 
15. On January 27, 2005, Dr. Warburton performed surgery on plaintiff's right leg to decompress his peroneal nerve in the muscles at the proximal fibula. Subsequent to this procedure, plaintiff's right leg condition improved such that in June 2005 plaintiff was able to put some weight on his right leg.
16. Defendants paid plaintiff total disability benefits for the period of January 27, 2005 through April 6, 2005. On April 7, 2005, plaintiff returned to work for defendant-employer at a modified light duty position.
17. On February 4, 2005, defendants submitted Industrial Commission Form 60 admitting liability for plaintiff's October 16, 2003 injury by accident but did not specify which body parts were injured.
18. On May 23, 2005, plaintiff filed a claim for benefits alleging a low back injury by accident on December 22, 2004. On October 14, 2005, plaintiff filed a Form 33 hearing request seeking medical compensation for his low back pain condition resulting from his October 16, 2003 injury by accident.
19. On November 15, 2005, defendants filed Industrial Commission Form 61 denying any liability for medical treatment for plaintiff's low back pain condition resulting from his October 16, 2003 injury by accident.
20. On January 3, 2006, Dr. Warburton answered written questions submitted by counsel for plaintiff. Dr. Warburton opined, and the Full Commission finds, that the events of December 22, 2004 were a significant causal factor in plaintiff's low back pain complaints in the period beginning on that date and thereafter. Dr. Warburton also opined, and the Full Commission finds, that the events of October 16, 2003 were also a significant causal factor in plaintiff's low back pain complaints from August 20, 2004 and thereafter. *Page 8 
21. On March 7, 2006, Dr. Begovich opined, and the Full Commission finds, that plaintiff's low back pain complaints since December 22, 2004 were caused by the events of October 16, 2003 and December 22, 2004 and that it was impossible to separate out which accident was a more significant causal factor in producing plaintiff's low back pain complaints since December 22, 2004.
22. By March 7, 2006, plaintiff reached maximum medical improvement for his low back from his accident on December 22, 2004 and has been assigned a ten percent (10%) permanent partial disability rating.
23. By May 16, 2006, plaintiff reached maximum medical improvement relating to his right leg from his October 16, 2003 accident and has been assigned a twenty percent (20%) permanent partial disability rating.
24. There is a substantial likelihood that plaintiff will need future medical treatment for his right leg and low back pain conditions.
25. Based upon the credible evidence of record, the Full Commission finds that plaintiff would medically benefit from having Dr. Begovich assigned as his primary treating physician to continue treating plaintiff's ongoing low back pain and right leg pain conditions.
26. At the hearing before the Deputy Commissioner, on behalf of his client/adjuster, counsel Michael D. Moore and counsel for plaintiff informed the Deputy Commissioner that the outstanding indemnity issues related to I.C. 402588 and the October 16, 2003 injury by accident had been resolved. Defendants subsequently submitted an Industrial Commission Form 21 Agreement for Compensation in which permanent partial disability compensation was paid to plaintiff for the twenty percent (20%) rating to his right leg. The Deputy Commissioner subsequently approved this Agreement. *Page 9 
27. Subsequent to the Deputy Commissioner's hearing, on behalf of her client/adjuster, counsel Vachelle D. Willis informed the Deputy Commissioner that Travelers was "resolving internally the issue of which coverage period will assume payment of medical expenses incurred and for future medical treatment of the employee-plaintiff's back complaints."
28. Defendant-carrier's actions in, and defense of, this matter at the hearing level were unreasonable and are precisely indicative of the type of stubborn, unfounded litigiousness that N.C. Gen. Stat. § 97-88.1 was designed to discourage. Defendants in the pre-trial agreement entered into Stipulation 2 stipulating that there was one carrier on the risk; nonetheless, defendants had two sets of attorneys to defend against plaintiff's low back injury claims. Before and during the hearing before the Deputy Commissioner, defendants offered no lay or medical defense to either of plaintiff's claims. Defendant-employer placed plaintiff in specially created modified jobs to avoid reporting the claims and paying benefits under the Act. Defendants caused the first scheduled hearing to be continued on the day of the hearing, and then, despite all evidence in plaintiff's favor, still refused to accept the claims and caused yet another hearing to be scheduled and heard. On the day of the second scheduled hearing, defendants accepted one claim only. After hearing and in lieu of contentions, defendants simply wrote to the Deputy Commissioner that they would resolve the claims "internally." At oral argument before the Full Commission, defendants, through counsel, represented that there were two carriers, both under one-umbrella company. Assuming that to be the case, any dispute between them was purely internal, by their own admission in correspondence to the Deputy Commissioner, having nothing to do with plaintiff's claim and the North Carolina Workers' Compensation Act.
29. After the Deputy Commissioner's Opinion and Award was entered in plaintiff's favor, defendants appealed the award of attorney's fees for plaintiff's counsel under N.C. Gen. *Page 10 
Stat. § 97-88.1. Without setting forth either a Statement of the Case or a Statement of the Facts, defendants argued, without any basis, that plaintiff had not proved a specific traumatic incident resulting in a low back injury, that plaintiff had "returned to full duty" after his "alleged" accidents, and that plaintiff had not suffered any wage loss (because defendant-employer offered modified work) and thus was not disabled.
30. Defendants' appeal to the Full Commission level caused plaintiff's attorney to prepare and argue again the detailed Statements of the Case and the Facts for the Full Commission's review. Plaintiff filed a motion for attorney's fees under both N.C. Gen. Stat. §§ 97-88.1 and 97-88.
 * * * * * * * * * * *
Based upon the foregoing Stipulations and Findings of Fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. On October 16, 2003 plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer involving his right lower extremity and low back. N.C. Gen. Stat. § 97-2(6).
2. As a result of his October 16, 2003 injury by accident, plaintiff is entitled to be paid by defendants permanent partial disability compensation at the rate of $518.48 per week for a period of thirty (30) weeks for the ten percent (10%) rating to his back. N.C. Gen. Stat. § 97-31(23).
4. On December 22, 2004, plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer involving his low back. N.C. Gen. Stat. § 97-2(6). *Page 11 
5. Dr. Begovich is hereby approved as plaintiff's primary treating physician for plaintiff's ongoing low back pain and right leg pain conditions. N.C. Gen. Stat. § 97-25.
6. Defendants shall pay for all related medical expenses incurred or to be incurred by plaintiff as the result of his October 16, 2003 and December 22, 2004 injuries by accident, including ongoing future treatment as recommended by Dr. Begovich for plaintiff's right leg and low back pain conditions as may be reasonably required to effect a cure, give relief or lessen the period of disability. N.C. Gen. Stat. §§ 97-25;97-25.1.
7. Because defendants' actions in and defense of this matter were unreasonable and indicative of stubborn, unfounded litigiousness, plaintiff is entitled to the imposition of sanctions in the form of attorney's fees for his counsel. After considering the affidavit of plaintiff's counsel, said fee is set at $8,750, representing an hourly rate of $175.00 per hour for at least fifty (50) hours of time spent pursuing plaintiff's claims at the Deputy Commissioner level.
8. Because defendants appealed the Deputy Commissioner's decision and the Full Commission finds in plaintiff's favor, the Full Commission, in its discretion, determines plaintiff is entitled to an award of attorney's fees under N.C. Gen. Stat. § 97-88 for plaintiff's counsel's representation before the Full Commission. After consideration of plaintiff's counsel's Affidavit, plaintiff's counsel is entitled to be paid at the rate of $175.00 per hour for at least 18 hours spent.
 * * * * * * * * * * *
Based on the foregoing Findings of Fact and Conclusions of Law, the Full Commission enters the following: *Page 12 
 AWARD
1. Defendants shall pay plaintiff permanent partial disability compensation at the rate of $518.48 per week for a period of thirty (30) weeks for the ten percent (10%) rating to plaintiff's back, for a total of $15,554.40.
2. A reasonable attorney's fee of $8,750.00 is approved for counsel for plaintiff pursuant to N.C. Gen. Stat. § 97-88.1. This attorney's fee shall be paid in addition to the compensation awarded to plaintiff in Paragraph 1 above, and shall not reduce the amount of plaintiff's compensation. As defendants have previously deducted twenty-five percent (25%) of the compensation awarded in Paragraph 1, ($3,888.50), defendants shall pay this amount directly to plaintiff. To the extent defendants have not paid this fee, they shall directly pay plaintiff's counsel the difference, $4,861.50.
3. Defendants shall pay all related medical expenses incurred or to be incurred by plaintiff as the result of his October 16, 2003 and December 22, 2004 injuries by accident, including all future medical treatment for low back pain and right leg pain and related treatment recommended by Dr. Begovich, who is approved as plaintiff's primary treating physician as may be reasonably required to effect a cure, give relief or lessen the period of disability.
4. Defendants shall pay directly to plaintiff's counsel a reasonable attorney's fee of $3,150.00 pursuant to N.C. Gen. Stat. § 97-88, representing $175.00 per hour for 18 hours of time spent representing plaintiff on defendants' appeal to the Full Commission. This fee is in addition to the $8,750.00 fee approved herein pursuant to N.C. Gen. Stat. § 97-88.1.
4. Defendants shall pay the costs
 This the __ day of April 2008. *Page 13 
S/___________________ PAMELA T. YOUNG CHAIR
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
 S/___________________ BUCK LATTIMORE COMMISSIONER *Page 1